IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SARAH A. ENGELHART, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV181 |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | MEMORANDUM OPINION |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of a final decision of the Commissioner of Social Security ("Commissioner"), wherein the Commissioner denied plaintiff's request for Social Security Disability Insurance benefits ("SSD") and Supplemental Security Income ("SSI") benefits.  After careful review of the briefs, the 521-page record before the Court, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

**BACKGROUND**

The plaintiff, Sarah A. Engelhart ("plaintiff" or "Engelhart") initially filed for SSD and SSI benefits on February 20, 2001, based on her "borderline" intellectual function. Engelhart was given the Wechsler Adult Intelligence Scale - Third Edition ("WAIS III") in April 2001, and was retested in June, 2003.  In 2001 her test scores were:  Verbal IQ = 79, Performance IQ = 80 and Full Scale IQ = 78.  When retested in 2003, her WAIS-

III test scores were:  Verbal IQ = 78, Performance IQ = 91 and Full Scale IQ = 83 which correlates to "low average ability" which is a higher classification than "borderline."  Engelhart alleges no health problems, takes no medication and denies ever receiving any treatment for mental, emotional, drug or alcohol problems.  Engelhart lives independently and is raising and caring for her two pre-teen children.

On January 3, 2002, Engelhart was notified that her benefit claim was denied.  On February 28, 2002, Engelhart was notified that her request for reconsideration was denied.  On March 28, 2002, Engelhart filed a request for hearing by an administrative law judge ("ALJ").  This hearing was held on September 17, 2003, in front of ALJ Jan E. Dutton.  On December 11, 2003, ALJ Dutton denied Engelhart's benefits claim.  On December 19, 2003, Engelhart filed a request for review of the hearing decision that was subsequently denied on March 16, 2005.  Engelhart then filed this current action in this Court seeking review of the Commissioner's decision.

## STANDARD OF REVIEW

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a

decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as a well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001).  If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a contrary outcome."  *Id.*  In other words, "[a]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion." *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001)(citing *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997)).

**DISCUSSION**

The narrow issue before the Court is whether there is substantial evidence on the record as a whole to support the ALJ's decision denying Engelhart's application for SSD and SSI benefits.  *See* 42 U.S.C. § 405(g).  The Court finds that there is, and thus, will affirm the Commissioner's decision.  In doing so, the Court is cognizant of the statutory and regulatory framework that governs the payment of SSD and SSI benefits.

The evidence that supports the ALJ's decision is contained in the medical records, the vocational expert's testimony in response to the ALJ's hypothetical question and the

ALJ's credibility determination. At the outset, the Court notes two guiding principles in this matter: (1) that the Court must affirm the decision of the ALJ if the record contains substantial evidence to support his decision, and (2) the credibility of the plaintiff is for the ALJ, not this Court, to decide. *See Edwards*, 314 F.3d at 966; 20 C.F.R. § 404.1527(d)(2).

Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question. *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996). When a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994). Thus, the ALJ's hypothetical question must include those impairments that the ALJ finds are substantially supported by the record as a whole. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993).

The record contains the testimony of vocational expert Steven Kuhn in response to a hypothetical question that included all relevant impairments. Vocational expert Kuhn testified that Engelhart could perform jobs involving simple work that could be learned by demonstration by a younger, functionally illiterate worker. In the hypothetical, Kuhn was also directed to assume an individual with marked limitations in carrying out detail work, but who was capable of following short, simple instructions. In

addition, the individual in the hypothetical was moderately limited in completing a normal work week without interruptions from psychologically based symptoms and also moderately limited in her ability to travel to unfamiliar places or use public transportation, but who possessed adequate concentration and attention.  In response, Kuhn gave the example of the jobs of hand packer, vehicle washer and machine feeders or off bearers as well as some assembly positions that could be performed by a person with the capabilities and limitations contained in the hypothetical.  Kuhn testified that these positions existed in the state and national economies in significant numbers.  Kuhn's testimony constitutes substantial evidence because the hypothetical question to which he was responding contained all of Engelhart's relevant impairments.

Credibility

A determination regarding the plaintiff's credibility is largely left to the ALJ.  *See Edwards*, *supra*; *Pearsall*, 274 F.3d at 1218; *Holmstrom v. Massanari*, 270 F3d 715, 721 (8th Cir. 2001).  The United States Court of Appeals for the Eighth Circuit has explained that "the ALJ is in the best position to gauge the credibility of testimony and is granted deference in that regard."  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

"If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to its judgment."  *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

In this case, the ALJ's written disposition specifically questioned the credibility of Engelhart's testimony (and that of her witness) in regard to her inability to perform any type of work on a sustained basis.  Further, the objective evidence, taken in conjunction with the evidence from the vocational experts, could easily lead to the conclusion that the plaintiff's testimony was not credible.  Engelhart has no physical or emotional limitations.  Engelhart testified that she is able to cook, clean and care for herself and her children.  Engelhart is able to interact socially, going to the park with her children, going biking with her boyfriend, having cookouts and going to bars to sing karaoke.  Her limitations are only her "low average" intelligence and her reading difficulties.  Testimony suggests that she can read at a basic level.  Engelhart testified that she could read newspaper ads for rental housing and children's books like "Green Eggs and Ham."  Thus, the evidence presented a valid basis upon which the ALJ could legitimately question Engelhart's credibility in regards to her assertion that she was unable to perform any work on a sustained basis.  Therefore, the ALJ was able to give good reasons for

questioning Engelhart's credibility and the Court will defer to the ALJ's judgment.

Because the decision is supported by substantial evidence, this Court will affirm the decision.  Plaintiff's complaint will be dismissed.  A separate order will be issued in accordance with this memorandum opinion.

DATED this 8th day of August, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court